ALFONSO O. CALDERÓN Y OTROS, demandantes y recurridos, v. ADMINISTRACIÓN DE LA REGLAMENTACIÓN DE LA INDUSTRIA LECHERA DE PUERTO RICO ET AL., demandados y recurrentes.

*Número:* CE-66-55      *Resuelto:* 23 de junio de 1967

*J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de los recurrentes; *Juan A. Faría* y *Félix Ochoteco, Jr.,* abogados de los recurridos.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

■ El Tribunal Superior, Sala de San Juan, fundándose en que la función del Administrador de la Reglamentación de la Industria Lechera en lo que concierne a la determinación del precio razonable de la leche fresca al nivel del productor es una de adjudicación y no de investigación, concluyó que el Administrador erró al establecer como regla para las vistas públicas celebradas en el presente caso que "no se permitiría la repregunta de los testigos que declararan en ellas, disponiéndose, sin embargo, que sí se permitiría la repregunta de aquellas personas que declararan por la Oficina del Administrador, reservándose el Administrador la facultad de repreguntar a cualquier deponente presentado".

La Ley Núm. 34 de 11 de junio de 1957, 5 L.P.R.A. secs. 1092 *et seq.*, es una pieza abarcadora que reglamenta las funciones del Administrador de la Industria Lechera. Mediante esta legislación se delega por la Asamblea Legislativa la función de reglamentar la producción y distribución de la leche. Para llevar a cabo esas funciones la Asamblea Legislativa autorizó al Administrador a realizar investigaciones. Para realizar esta función necesita celebrar audiencias. Debe acopiar toda la información necesaria para reglamentar la industria lechera. La reglamentación autorizada es sumamente amplia. Cubre prácticamente todos los aspectos de la industria, inclusive el de "fijar precios mínimos y máximos para la leche, incluyendo el excedente y los productos derivados de ésta, en todos o cualesquiera de los canales y niveles de distribución." En estas audiencias el Administrador recibirá toda la información necesaria para cumplir con su encomienda. Dispone el estatuto que "en el cumplimiento de los deberes que impone esta ley, y en el ejercicio de las facultades que la misma le confiere, el Administrador podrá expedir citaciones requiriendo la comparecencia de testigos y la presentación de los datos económicos o información que

estime necesarios para la administración de esta ley." Surge claro que su función no es de adjudicación, sino cuasi legislativa.

La regla adoptada por el Administrador tiene el obvio propósito de acelerar la investigación, ya que podrían convertirse en interminables las audiencias si todos y cada uno de los comparecientes tuvieran el derecho de contrainterrogar a todas y cada una de las personas que comparecieran a deponer. La regla garantiza a los productores su derecho a contrainterrogar a los testigos que presente el Administrador con los datos que ha recogido en el estudio que la ley le ordena llevar a cabo. (¹) De todas formas los productores tienen la oportunidad, mediante la presentación de prueba, de refutar cualquier información que puedan suministrar las personas que comparezcan a declarar. Ver *Abbots Dairies* v. *Armstrong*, 102 A.2d 372 (N.J. 1954); Fuchs, *Administrative Rule-Making*, 52 Harv. L. Rev. 259 (1938); Davis, *Administrative Law Treatise*, Sec. 606, pág. 382 (1958).

*Se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 7 de noviembre de 1966 y se devuelve el caso para ulteriores procedimientos.*

---

(¹) La regla adoptada por el Administrador es mucho más liberal que la reglamentación vigente para los comités de salario mínimo. Dispone así la aplicable a los comités de salario mínimo:

"En el ejercicio de sus funciones cuasilegislativas, el comité conducirá la audiencia en forma de consulta pública de manera que todas las personas interesadas puedan participar en la formulación de un decreto sometiendo datos, información, observaciones o argumentos pertinentes que a discreción del comité podrán ser presentados bien oralmente o por escrito. En la audiencia pública solamente los miembros del comité podrán interrogar a las personas que presten testimonio. Cualquier pregunta que una parte interesada que asista a la audiencia desee hacer a una persona que esté prestando testimonio, podrá formularse previo consentimiento del comité o a través de éste. El comité podrá solicitar de cualquier persona que preste testimonio la radicación de un memorando exponiendo los detalles fundamentales de su testimonio, pero no podrá incluirse en dicho memorando materia alguna que no haya sido expuesta o discutida en el curso del testimonio oral prestado."

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*